U.S. DISTRICT COURT

**RECEIVED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MAY 2 9 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Theodore Wrobel,

      Plaintiff,

      v.

The Habitat Company LLC,
      d/b/a Elm Street Plaza,

      Defendants.

)
)
)
)
)
)

No.:

**Jury Trial Demanded**

**15-cv-4827**
**Judge Gary Feinerman**
**Magistrate Judge Geraldine Brown**

### COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff, Theodore Wrobel (Mr. Wrobel), is a man with multiple disabilities currently

living in a builidng managed by Defendant, The Habitat Company LLC, doing business as Elm

Street Plaza (Habitat). Mr. Wrobel comes through his attorney, Kelli Dudley of the Law Office

of Kelli Dudley, and, based on personal knowledge, alleges as follows for his complaint against

Habitat.

**INTRODUCTION**

1.      Defendant and its agents seek to force Mr. Wrobel from his home by refusing to

offer him a lease although he currently resides in his unit, maintains his unit, pays and has paid

rent to a third party through a sub-lease arrangement, and has paid or offered to pay rent directly

to Defendant. Mr. Wrobel has inquired about leasing his apartment directly from Habitat and has

been told Defendant will not rent to him.

2.      Mr. Wrobel has a friend, Michael (Mike) Grogan (Mr. Grogan). Mr. Grogan has a

disaability and uses an assistance dog, Ringo, for people with disabilities. Mr. Grogan has

repeatedly been denied accessed to the bulidng in which Mr. Wrobel resides. Defendant has

denied Mr. Grogan access, stating the reason for denial is the presence of Mr. Grogan's assistance

1

dog. He has been unable to visit Mr. Wrobel. Mr. Grogan is a sub-lessee, along with Mr. Wrobel, from a third party. The intention in establishing the tenancy was for Mr. Grogan to share the apartment and amenities (common elements) to access disability-related rehabilitation services at a nearby provider and to access a nearby dog park for Ringo.

3.     For the reasons set forth above, non-exhaustively, Mr. Wrobel began exercising his rights as guaranteed under Federal, state, and local fair housing laws. Among other actions, he contacted or filed complaints with the City of Chicago and the Illinois Department of Human Rights alleging violations of fair housing ordinances. After Mr. Wrobel engaged in activies to enjoy his fair housing rights under 42 U.S.C. § 3604 *et seq.* and other fair housing laws, Defendant retaliated against Mr. Wrobel with a campaign of harassment. The harassment is ongoing and includes, non-exhaustively: changing locks, interruption of water or water pressure, interruption of utilities, failure to maintain or repair Mr. Wrobel's unit, and refusal to rent the apartment to Mr. Wrobel or Mr. Grogan, even though both are qualified and both were previously approved. Agents of Defendant have stated they will not rent to Mr. Grogan if Mr. Wrobel is going to be a co-tenant. The retaliatory conduct described herin violates 42 U.S.C. § 3617.

4.     Defendant is a management company that operates housing, including the building in which Mr. Wrobel lives. Defendant operates many units of multi-family housing in several states, including some units that are subsidized by the United States Department of Housing and Urban Development (HUD). On information and belief, the subject property is subsidized by HUD.

**PARTIES, JURISDICTION AND VENUE**

2

5.      Defendant, The Habitat Company LLC, is a limited liability company formed and operating under the laws of the State of Illinois. It does business in the County of Cook and City of Chicago. On information and belief, it conducts business as Elm Street Plaza without registering the "doing business as" name with the Illinois Secretary of State.

6..     At relevant times, Defendant perpetrated its conduct below individually and/or by and through its agents, over whom it exerted operational control concerning the facts at bar.

7.      All of the facts set forth in this Complaint took place in the City of Chicago, County of Cook, and State of Illinois.

8.      The subject property is located in the City of Chicago, County of Cook, and State of Illinois.

9.      This matter involves a Federal statute, the Fair Housing Act This is an action for violation of 42 U.S.C. §3601 *et seq.* [Fair Housing Amendments Act of 1988 (Fair Housing Act)], including, but not limited to, 42 U.S.C. § 3617. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal question).

10.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendant is does business in Chicago, Illinois and is subject to personal jurisdiction this district.

**SUBSTANTIVE ALLEGATIONS**

11.     On or about December 15, 2014, Mr. Wrobel moved into his home, Unit 2301, pursuant to a sublease he executed with Andrew Kroger (Mr. Kroger). Since that time, he has paid rent directly to Mr. Kroger. Defendant has been aware of Mr. Wrobel's occupany of his home. Specifically, Defendant's agents, including, but not limited to, Nick Pinto (Mr. Pinto), spoke with Mr. Wrobel about repairs needed to the home and other problems.

3

12. At various times, an African-American employee of Defendant, Nicole, stated to Mr. Wrobel that his requests for repairs reflect "white entitlement," a reference to Mr. Wrobel's race, white. Nicole and other agents of Defendant have repeatedly referred to Mr. Wrobel as "nuts." For example, when he requested maintenance, he was made to leave Defendant's on-site office, being told he was "nuts." "Nuts" is understood by Mr. Wrobel and, on information and belief, others, as referring to a psychological disability (mental illness).

13. On or about March 6, 2015, Mr. Wrobel found out that Mr. Kroger had not tendered all or some of the rent to Defendant. Mr. Wrobel tendered rent directly to Defendant. Defendant refused the tender of rent by placing the envelope Mr. Wrobel gave to them under Mr. Wrobel's door.

14. On or about April 15, 2015, Mr. Wrobel found out Mr. Kroger's lease would expire and attempted to give notice of his desire to continue renting as provided by the lease. On or about May 7, 2015, Mr. Pinto stated, "We will never rent directly to you." He also stated Defendant would not approve a lease involving Mr. Grogan and Mr. Wrobel and would not let Mr. Wrobel reside in the unit.

15. On or about May 20, 2015, Mr. Wrobel filed a complaint concerning his fair housing rights with the Chicago Commission on Human Relations (City). He faxed the completed form to the City on May 21, 2015. The was the culmination of approximately six months of verbal complaints to the City.

16. Beginning in approximately November 2014, Mr. Wrobel made verbal and written complaints to the Illinois Department of Human Rights (IDHR).

4

17.     By filing the above-listed complaints and by residing in his apartment, Mr. Wrobel was exercising rights guaranteed to him by 42 U.S.C. § 3604 and other provisions of the Fair Housing Act.

18.     Since exercising his rights under the Fair Housing Act, Mr. Wrobel has been subject to constant harassment by Defendant's agents, including, by not limited to:

a.     Apartment locks changed (lock-out).

b.     Interference with utilities.

c.      No water or no water pressure.

d.     Failure to repair or maintain the premises.

e.     Comments that Defendant will not rent to Mr. Wrobel or allow him to continue to live in his unit.

f.     Unlawful entry into the unit by the landlord in violation of applicable law and by others due to lack of security.

g.     Attempts to evict Mr. Wrobel through means such as lock-outs rather than filing a forcible entry and detainer action in Illinois.

19.     The reasons for the above actions were impermissible, including that Mr. Wrobel is a person with a disability, that Mr. Wrobel has complained about Mr. Keitel being unable to visit because of Mr. Keitel's disability and assistance dog, and that Mr. Wrobel has filed complaints concerning his fair housing rights.

## I.     CAUSE OF ACTION:     VIOLATION OF THE FAIR HOUSING ACT

20.     Defendant's actions and statement as described above has made and will make housing unavailable because of disability and also constitutes discrimination in terms, conditions, or privileges of sale or rental of dwellings or in the provision of services because of

disability in violation of Section 804(a) and Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(a) and 42 U.S.C. § 3604(a) and (b).

21.     Defendant's refusal to rent directly to Mr. Wrobel makes housing unavailable on the basis of disability in violation of Section 804(a) and Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(a) and 42 U.S.C. § 3604(a) and (b).

22.     As set forth above, since the time when Mr. Wrobel has filed complaints for violation of his fair housing rights, he has been subject to retaliation on account of having complained or having otherwise exercised his fair housing rights.

23.     As set forth above, Defendant has taken actions after Mr. Wrobel filed fair housing complaints that constitute coercing, intimidating, threatening or interfering with Mr. Wrobel's exercise of his rights protected under 42 U.S.C. § 3604 and other sections of the Fair Housing Act, in violation of 42 U.S.C. § 3617

24.     The conduct of Defendant, through its agents, described above, constitutes a violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, particiulary 42 U.S.C. § 3617.

25.     Mr. Wrobel is a person who has been injured by Defendant's discriminatory actions as described above and is an aggrieved person as defined in 42 U.S.C. § 3602(i). He  has suffered damages as a result of Defendant's discriminatory conduct.

26.     Defendant's conduct has been intentional, willful, and taken in disregard of the rights of people with disability, including Mr. Wrobel, who are their tenants. In addition, those wishing to live in the building or visit tenants have been denied access on account of disability and using an assistance dog. This has injured those denied access as well as the tenants who were denied their right to associate with those denied access.

6

**REQUEST FOR DECLARATORY RELIEF**

27.     Mr. Wrobel, on the one hand, and Defendant, on the other hand, have adverse legal interests, and there is a substantial controversy between the parties that the Court can resolve by declaring the parties' respective rights.

28.     Mr. Wrobel has an interest in and a right to remain a tenant of his home, including the right to be afforded a fair opportunity to renew or enter into a lease and the right to receive visits from people with disabilities, including those who use assistance dogs.

29.     Mr. Wrobel is entitled to a declaration, *inter alia,* that that Defendant cannot apply discriminatory criteria to tenant selection and to access afforded to visitors.

30.     Mr. Wrobel seeks corresponding injunctive relief, including a Court order that Defendant is restrained from bringing any forcible entry and detainer, conducting a lock-out, interfering with utiities, or taking any otheraction to dispossess Mr. Wrobel of his home.

31.     Mr. Wrobel faces an immediate deprivation because the threat of eviction and the necessity of participating in this legal proceeding impede his ability to access needed medical treatment.

**JURY DEMAND**

Plaintiff, Theodore Wrobel, hereby demands a trial by jury on all claims and issues which have a right for a jury to render judgment.

WHEREFORE, Mr. Wrobel prays that the Court enter an ORDER that:

1. Declares that the actions of the Defendant described herein constitute violations of the Fair Housing Act;

2. Enjoins the defendant, its officials, agents, and employees, and all other persons in active concert or participation with it, from continuing to discriminate on the basis of disability in violation of 42 U.S.C. §§ 3601 *et seq.*;

3. Requires such actions by the Defendant as may be necessary to restore all persons aggrieved by Defendant's discriminatory housing practices to the position they would have occupied but for the Defendant's discriminatory conduct;

4. Awards monetary payment to Mr. Wrobel for actual, compensatory, pain and suffering, and punitive damages and attorney's fees and costs of bringing this action.

5. For such other relief as justice may require.

A petiton for a temporary restraining order will be filed in this matter.

Respectfully submitted,

THEODORE WROBEL


/s/Kelli Dudley

By: _____

Kelli Dudley, Attorney for Plaintiff Theodore Wrobel

Kelli Dudley, The Law Office of Kelli Dudley
2938 East 91ˢᵗ Street
Chicago, IL 60617-4319
Ph: 312-771-9770 Email: attorneykelli@sbcglobal.net
ID #6279068


## CERTIFICATION

Kelli Dudley, an attorney, certifies that she served a copy of this pleading upon all parties and counsel of record in this case by filing it through the on-line filing system, which provides copies and electronic notice to all counsel of record, on May 26, 2015.

/s/Kelli Dudley

Kelli Dudley

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Theodore Wrobel, | ) | No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | |
| The Habitat Company LLC, | ) | |
| d/b/a Elm Street Plaza, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S, THEODORE WROBEL'S, MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, Theodore Wrobel (Mr. Wrobel), is a man with multiple disabilities currently living in a builidng managed by Defendant, The Habitat Company LLC, doing business as Elm Street Plaza (Habitat). Mr. Wrobel is experiencing actions by Defendant to interfere with his exercise of his fair housing rights. Defendants actions include, but are not limited to, constructive eviction through unauthorized entry into Mr. Wrobel's apartment by Defendant and through changing of the locks to his residence. Mr. Wrobel comes through his attorney, Kelli Dudley of the Law Office of Kelli Dudley, and, based on personal knowledge, including his affidavit (**EXHIBIT A - AFFIDAVIT**), moves this Honorable Court to Federal Rule of Civil Procedure 65 for a Temporary Restraining Order and Preliminary Injunction (TRO). Mr. Wrobel requests this Honorable Court enjoin the Defendant, its officials, agents, and employees, and all other persons in active concert or participation with it from continuing to discriminate on the basis of disability in violation of 42 U.S.C. §3601 *et seq.* (Fair Housing Amendments Act of

1

1988 [(Fair Housing Act)], and from further interfering with Mr. Wrobel's enjoyment of his home.

1. A Temporary Restraining Order and Injunctive Relief are necessary to preserve the *status quo* between the parties and irreparable harm will be done to Mr. Wrobel before notice can be given to Defendants and their attorneys and before a hearing in opposition can be held.

2. As set forth in the affidavit of Mr. Wrobel (**EXHIBIT A**), irreparable harm will be done because the Defendant seeks to dispossess Mr. Wrobel from his home or otherwise interfere with his enjoyment of the home and to, thereby, actually or constructively evict him.

3. As set forth in the affidavits Mr. Wrobel (**Exhibit A**), irreparable harm will be done because the Defendant has, non-exhaustively, entered Mr. Wrobel's apartment, taken his belongings, changed his locks, interfered with utilities, and refused to provide maintenance.

4. Mr. Wrobel seeks an Order granting a TRO and requiring Defendant to show cause why this Honorable Court should not issue a preliminary injunciton pending adjudication on the merits.

5. This court has full authority to grant the relief requested. A district court may issue injunctions to enjoin violations of the Fair Housing Act. To obtain a temporary restraining order, Plaintiff must merely demonstrate: (1) a likelihood of success on the merits; and (2) that the balance of the equities tips in its favor.

2

6. The injunctive relief requested by Mr. Wrobel is warranted in this case. Defendant is engaging in discriminatory practices in violation of the Fair Housing Act in connection with depriving Mr. Wrobel of his tenacny and interfering with his enjoyment of his home.

7. Mr. Wrobel has a likelihood of success on the merits because Defendant has made statements indicating a racial preference by referring to Mr. Wrobel's race, white; Defendant has stated it will not rent to Mr. Wrobel or allow him to live in his unit; Defendant has referred to Mr. Wrobel as "nuts" and banned him from requesting maintenance in the on-site office provided for that purpose; Defendant has refused Mr. Wrobel's rent; Defendant has refused to allow a person with a disability who uses an assistance dog to come into the building where Mr. Wrotel lives; Defendant has returned Mr. Wrobel's rent check; and for other reasons.

8. The equities are in favor of Mr. Wrobel who will permanently lose his home if the Defendant is allowed to continue to interfere with his tenancy, deny him a lease, change his locks, take his possessions from his home, attempt to harass and intimidate him into leaving his home, evict him, and refuse access to the building to people with disabilities who use assistance dogs.

9. Defendant will suffer no harm if a TRO and injunction are granted because there is no legitimate interest in violating the Fair Housing Act. Mr. Wrobel is willing to pay, and has tendered, rent.

3

WHERFORE, Plaintiff Theodore Wrobel respectfully requests that the Court grant Plaintiff's Motion and enter the proposed Temporary Restraining Order and Preliminary Injunction:

        A.      Temporarily restraining Defendant from further violations of 42 U.S.C. §3601 *et seq.* (Fair Housing Act), as alleged in the Complaint;

        B.      Temporarily restraining and enjoining Defendant, its officials, agents, and employees, and all other persons in active concert or participation with it, from continuing to discriminate on the basis of disability or race in violation of 42 U.S.C. §3601 *et seq.* (Fair Housing Act);

        C.      Temporarily restraining and enjoining Defendants from further interfering with Mr. Wrobel's tenancy, including, but not limited to, restraining and enjoining them from entering Mr. Wrobel's home without his authorization, removing his possessions, changing his locks, or otherwise evicting him with or without resort to the Illinois Forcible Entry and Detainer Act;

        D.      Requiring Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits;

        E.      Granting all other relief just and proper in the premises.

        Respectfully Submitted,

        THEODORE WROBEL

        /s/Kelli Dudley

        Kelli Dudley, Attorney for Plaintiff Theodore Wrobel

        May 25, 2015

4

Kelli Dudley, The Law Office of Kelli Dudley
2938 East 91st Street
Chicago, IL 60617
Ph: 312-771-9770 Email: attorneykelli@sbcglobal.net
ID #6279068

5

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Theodore Wrobel, | ) | No.: |
| | ) | |
|     Plaintiff, | ) | |
| | ) | **<u>Jury Trial Demanded</u>** |
|     v. | ) | |
| | ) | |
| The Habitat Company LLC, | ) | |
|     d/b/a Elm Street Plaza, | ) | |
| | ) | |
|     Defendants. | ) | |

### AFFIDAVIT OF THEODORE WROBEL

Comes now Theodore Wrobel and, under penalties of perjury, for an affidavit alleges and states:

1. I live at 1130 North Dearborn, Chicago, Illinois.

2. I am a white male and not of Hispanic national origin. I speak English. I have multiple disabilities.

3. I rent, pursuant to a sublease, Unit Number 2103 at 1130 North Dearborn, Chicago, Illinois.

4. I moved into the above unit on or about December 15, 2014.

5. Defendant knows about my tenancy in the unit. I have spoken with Defendant's agents. For example, I have spoken with Nick Pinto, an employee of Defendant, about maintenance issues in my home.

6. At various times, I have requested repairs that have not been made. On one occasion, I requested repairs by stopping by Defendant's on-site office at 1130 North Dearborn. I spoke to an agent of Defendant, Nicole. Nicole told me my requests for repair were due to my "white entitlement," a reference to my race, white.

7. At various times, agents of Defendant, including Nicole, have called me "nuts," a reference to a psychological disability. .

8. At various times, agents of Defendant have stated they will not rent directly to me and will not allow me to live in the apartment if another person rents it with me.

9. I have the money to make, and actually make, my rent payments. I have a good credit score and have an income and savings. I have a potential co-signer , Michael (Mike) Grogan, with similar good economic standing, but Defendant's agents told us I would not be allowed to live in the apartment if he rented it with me.

10. Mr. Grogan is unable to access 1130 North Dearborn to visit me because he has a disability and uses an assistance dog for people with disabilities. Defendant will not allow him in the builidng with his assistance dog.

11. At various times, Defendant has changed my locks, entered my apartment without permission, removed belongings from my apartment, refused maintenance, stated I am not allowed in the on-site office to request maintenance because I am "nuts," refused to allow Mr. Grogan to visit me due to his assistance dog, stated they will not rent to me or allow me to continue to live in my unit, interfered with my utilities (water and water pressure), and returned my timely-tendered rent check by placing it under my door.

12. If called upon to testify in court, I would testify consistent with the contents of this affidavit.

13. This Affidavit is two pages long. This is the second page.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____ 5 - 26 - 2015 _____

_____

Theodore Wrobel

U.S. DISTRICT COURT

!5 MAY 29 PM 4: 40

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Theodore Wrobel, | ) | No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | |
| The Habitat Company LLC, | ) | |
| d/b/a Elm Street Plaza, | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF THEODORE WROBEL

Comes now Theodore Wrobel and, under penalties of perjury, for an affidavit alleges and states:

1.I live at 1130 North Dearborn, Chicago, Illinois.

2.I am a white male and not of Hispanic national origin. I speak English. I have multiple disabilities.

3.I rent, pursuant to a sublease, Unit Number 2103 at 1130 North Dearborn, Chicago, Illinois.

4.I moved into the above unit on or about December 15, 2014.

5.Defendant knows about my tenancy in the unit. I have spoken with Defendant's agents. For example, I have spoken with Nick Pinto, an employee of Defendant, about maintenance issues in my home.

6.At various times, I have requested repairs that have not been made. On one occasion, I requested repairs by stopping by Defendant's on-site office at 1130 North Dearborn. I spoke to an agent of Defendant, Nicole. Nicole told me my requests for repair were due to my "white entitlement," a reference to my race, white.

7. At various times, agents of Defendant, including Nicole, have called me "nuts," a reference to a psychological disability.

8. At various times, agents of Defendant have stated they will not rent directly to me and will not allow me to live in the apartment if another person rents it with me.

9. I have the money to make, and actually make, my rent payments. I have a good credit score and have an income and savings. I have a potential co-signer, Michael (Mike) Grogan, with similar good economic standing, but Defendant's agents told us I would not be allowed to live in the apartment if he rented it with me.

10. Mr. Grogan is unable to access 1130 North Dearborn to visit me because he has a disability and uses an assistance dog for people with disabilities. Defendant will not allow him in the builidng with his assistance dog.

11. At various times, Defendant has changed my locks, entered my apartment without permission, removed belongings from my apartment, refused maintenance, stated I am not allowed in the on-site office to request maintenance because I am "nuts," refused to allow Mr. Grogan to visit me due to his assistance dog, stated they will not rent to me or allow me to continue to live in my unit, interfered with my utilities (water and water pressure), and returned my timely-tendered rent check by placing it under my door.

12. If called upon to testify in court, I would testify consistent with the contents of this affidavit.

13. This Affidavit is two pages long. This is the second page.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____ 5-22-2015

_____
Theodore Wrobel

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Theodore Wrobel, | ) | No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | |
| The Habitat Company LLC, | ) | |
| d/b/a Elm Street Plaza, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff, Theodore Wrobel (Mr. Wrobel), is a man with multiple disabilities currently living in a builidng managed by Defendant, The Habitat Company LLC, doing business as Elm Street Plaza (Habitat). Mr. Wrobel comes through his attorney, Kelli Dudley of the Law Office of Kelli Dudley, and, based on personal knowledge, alleges as follows for his complaint against Habitat.

## INTRODUCTION

1.     Defendant and its agents seek to force Mr. Wrobel from his home by refusing to offer him a lease although he currently resides in his unit, maintains his unit, pays and has paid rent to a third party through a sub-lease arrangement, and has paid or offered to pay rent directly to Defendant. Mr. Wrobel has inquired about leasing his apartment directly from Habitat and has been told Defendant will not rent to him.

2.     Mr. Wrobel has a friend, Michael (Mike) Grogan (Mr. Grogan). Mr. Grogan has a disaability and uses an assistance dog, Ringo, for people with disabilities. Mr. Grogan has repeatedly been denied accessed to the bulidng in which Mr. Wrobel resides. Defendant has denied Mr. Grogan access, stating the reason for denial is the presence of Mr. Grogan's assistance

1

dog. He has been unable to visit Mr. Wrobel. Mr. Grogan is a sub-lessee, along with Mr. Wrobel, from a third party. The intention in establishing the tenancy was for Mr. Grogan to share the apartment and amenities (common elements) to access disability-related rehabilitation services at a nearby provider and to access a nearby dog park for Ringo.

3.      For the reasons set forth above, non-exhaustively, Mr. Wrobel began exercising his rights as guaranteed under Federal, state, and local fair housing laws. Among other actions, he contacted or filed complaints with the City of Chicago and the Illinois Department of Human Rights alleging violations of fair housing ordinances. After Mr. Wrobel engaged in activies to enjoy his fair housing rights under 42 U.S.C. § 3604 *et seq.* and other fair housing laws, Defendant retaliated against Mr. Wrobel with a campaign of harassment. The harassment is ongoing and includes, non-exhaustively: changing locks, interruption of water or water pressure, interruption of utilities, failure to maintain or repair Mr. Wrobel's unit, and refusal to rent the apartment to Mr. Wrobel or Mr. Grogan, even though both are qualified and both were previously approved. Agents of Defendant have stated they will not rent to Mr. Grogan if Mr. Wrobel is going to be a co-tenant. The retaliatory conduct described herin violates 42 U.S.C. § 3617.

4.      Defendant is a management company that operates housing, including the building in which Mr. Wrobel lives. Defendant operates many units of multi-family housing in several states, including some units that are subsidized by the United States Department of Housing and Urban Development (HUD). On information and belief, the subject property is subsidized by HUD.

**PARTIES, JURISDICTION AND VENUE**

2

5.     Defendant, The Habitat Company LLC, is a limited liability company formed and operating under the laws of the State of Illinois. It does business in the County of Cook and City of Chicago. On information and belief, it conducts business as Elm Street Plaza without registering the "doing business as" name with the Illinois Secretary of State.

6.     At relevant times, Defendant perpetrated its conduct below individually and/or by and through its agents, over whom it exerted operational control concerning the facts at bar.

7.     All of the facts set forth in this Complaint took place in the City of Chicago, County of Cook, and State of Illinois.

8.     The subject property is located in the City of Chicago, County of Cook, and State of Illinois.

9.     This matter involves a Federal statute, the Fair Housing Act This is an action for violation of 42 U.S.C. §3601 *et seq.* [Fair Housing Amendments Act of 1988 (Fair Housing Act)], including, but not limited to, 42 U.S.C. § 3617. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal question).

10.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 because Defendant is does business in Chicago, Illinois and is subject to personal jurisdiction this district.

**SUBSTANTIVE ALLEGATIONS**

11.     On or about December 15, 2014, Mr. Wrobel moved into his home, Unit 2301, pursuant to a sublease he executed with Andrew Kroger (Mr. Kroger). Since that time, he has paid rent directly to Mr. Kroger. Defendant has been aware of Mr. Wrobel's occupany of his home. Specifically, Defendant's agents, including, but not limited to, Nick Pinto (Mr. Pinto), spoke with Mr. Wrobel about repairs needed to the home and other problems.

3

12.     At various times, an African-American employee of Defendant, Nicole, stated to Mr. Wrobel that his requests for repairs reflect "white entitlement," a reference to Mr. Wrobel's race, white. Nicole and other agents of Defendant have repeatedly referred to Mr. Wrobel as "nuts." For example, when he requested maintenance, he was made to leave Defendant's on-site office, being told he was "nuts." "Nuts" is understood by Mr. Wrobel and, on information and belief, others, as referring to a psychological disability (mental illness).

13.     On or about March 6, 2015, Mr. Wrobel found out that Mr. Kroger had not tendered all or some of the rent to Defendant. Mr. Wrobel tendered rent directly to Defendant. Defendant refused the tender of rent by placing the envelope Mr. Wrobel gave to them under Mr. Wrobel's door.

14.     On or about April 15, 2015, Mr. Wrobel found out Mr. Kroger's lease would expire and attempted to give notice of his desire to continue renting as provided by the lease. On or about May 7, 2015, Mr. Pinto stated, "We will never rent directly to you." He also stated Defendant would not approve a lease involving Mr. Grogan and Mr. Wrobel and would not let Mr. Wrobel reside in the unit.

15.     On or about May 20, 2015, Mr. Wrobel filed a complaint concerning his fair housing rights with the Chicago Commission on Human Relations (City). He faxed the completed form to the City on May 21, 2015. The was the culmination of approximately six months of verbal complaints to the City.

16.     Beginning in approximately November 2014, Mr. Wrobel made verbal and written complaints to the Illinois Department of Human Rights (IDHR).

4

17.     By filing the above-listed complaints and by residing in his apartment, Mr. Wrobel was exercising rights guaranteed to him by 42 U.S.C. § 3604 and other provisions of the Fair Housing Act.

18.     Since exercising his rights under the Fair Housing Act, Mr. Wrobel has been subject to constant harassment by Defendant's agents, including, by not limited to:

a.      Apartment locks changed (lock-out).

b.      Interference with utilities.

c.      No water or no water pressure.

d.      Failure to repair or maintain the premises.

e.      Comments that Defendant will not rent to Mr. Wrobel or allow him to continue to live in his unit.

f.      Unlawful entry into the unit by the landlord in violation of applicable law and by others due to lack of security.

g.      Attempts to evict Mr. Wrobel through means such as lock-outs rather than filing a forcible entry and detainer action in Illinois.

19.     The reasons for the above actions were impermissible, including that Mr. Wrobel is a person with a disability, that Mr. Wrobel has complained about Mr. Keitel being unable to visit because of Mr. Keitel's disability and assistance dog, and that Mr. Wrobel has filed complaints concerning his fair housing rights.

**I.      CAUSE OF ACTION:      VIOLATION OF THE FAIR HOUSING ACT**

20.     Defendant's actions and statement as described above has made and will make housing unavailable because of disability and also constitutes discrimination in terms, conditions, or privileges of sale or rental of dwellings or in the provision of services because of

disability in violation of Section 804(a) and Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(a) and 42 U.S.C. § 3604(a) and (b).

21.     Defendant's refusal to rent directly to Mr. Wrobel makes housing unavailable on the basis of disability in violation of Section 804(a) and Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(a) and 42 U.S.C. § 3604(a) and (b).

22.     As set forth above, since the time when Mr. Wrobel has filed complaints for violation of his fair housing rights, he has been subject to retaliation on account of having complained or having otherwise exercised his fair housing rights.

23.     As set forth above, Defendant has taken actions after Mr. Wrobel filed fair housing complaints that constitute coercing, intimidating, threatening or interfering with Mr. Wrobel's exercise of his rights protected under 42 U.S.C. § 3604 and other sections of the Fair Housing Act, in violation of 42 U.S.C. § 3617

24.     The conduct of Defendant, through its agents, described above, constitutes a violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, particulary 42 U.S.C. § 3617.

25.     Mr. Wrobel is a person who has been injured by Defendant's discriminatory actions as described above and is an aggrieved person as defined in 42 U.S.C. § 3602(i). He  has suffered damages as a result of Defendant's discriminatory conduct.

26.     Defendant's conduct has been intentional, willful, and taken in disregard of the rights of people with disability, including Mr. Wrobel, who are their tenants. In addition, those wishing to live in the building or visit tenants have been denied access on account of disability and using an assistance dog. This has injured those denied access as well as the tenants who were denied their right to associate with those denied access.

6

## REQUEST FOR DECLARATORY RELIEF

27.     Mr. Wrobel, on the one hand, and Defendant, on the other hand, have adverse legal interests, and there is a substantial controversy between the parties that the Court can resolve by declaring the parties' respective rights.

28.     Mr. Wrobel has an interest in and a right to remain a tenant of his home, including the right to be afforded a fair opportunity to renew or enter into a lease and the right to receive visits from people with disabilities, including those who use assistance dogs.

29.     Mr. Wrobel is entitled to a declaration, *inter alia*, that that Defendant cannot apply discriminatory criteria to tenant selection and to access afforded to visitors.

30.     Mr. Wrobel seeks corresponding injunctive relief, including a Court order that Defendant is restrained from bringing any forcible entry and detainer, conducting a lock-out, interfering with utilities, or taking any otheraction to dispossess Mr. Wrobel of his home.

31.     Mr. Wrobel faces an immediate deprivation because the threat of eviction and the necessity of participating in this legal proceeding impede his ability to access needed medical treatment.

### JURY DEMAND

Plaintiff, Theodore Wrobel, hereby demands a trial by jury on all claims and issues which have a right for a jury to render judgment.

WHEREFORE, Mr. Wrobel prays that the Court enter an ORDER that:

1. Declares that the actions of the Defendant described herein constitute violations of the Fair Housing Act;

7

2. Enjoins the defendant, its officials, agents, and employees, and all other persons in active concert or participation with it, from continuing to discriminate on the basis of disability in violation of 42 U.S.C. §§ 3601 et seq.;

3. Requires such actions by the Defendant as may be necessary to restore all persons aggrieved by Defendant's discriminatory housing practices to the position they would have occupied but for the Defendant's discriminatory conduct;

4. Awards monetary payment to Mr. Wrobel for actual, compensatory, pain and suffering, and punitive damages and attorney's fees and costs of bringing this action.

5. For such other relief as justice may require.

A petiton for a temporary restraining order will be filed in this matter.

Respectfully submitted,

THEODORE WROBEL

/s/Kelli Dudley

By: _____

Kelli Dudley, Attorney for Plaintiff Theodore Wrobel

Kelli Dudley, The Law Office of Kelli Dudley
2938 East 91ˣ Street
Chicago, IL 60617-4319
Ph: 312-771-9770 Email: attorneykelli@sbcglobal.net
ID #6279068

## CERTIFICATION

Kelli Dudley, an attorney, certifies that she served a copy of this pleading upon all parties and counsel of record in this case by filing it through the on-line filing system, which provides copies and electronic notice to all counsel of record, on May 26, 2015.

/s/Kelli Dudley

Kelli Dudley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Theodore Wrobel, | ) | No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Jury Trial Demanded** |
| v. | ) | |
| | ) | |
| The Habitat Company LLC, | ) | |
| d/b/a Elm Street Plaza, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S, THEODORE WROBEL'S, MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, Theodore Wrobel (Mr. Wrobel), is a man with multiple disabilities currently living in a builidng managed by Defendant, The Habitat Company LLC, doing business as Elm Street Plaza (Habitat). Mr. Wrobel is experiencing actions by Defendant to interfere with his exercise of his fair housing rights. Defendants actions include, but are not limited to, constructive eviction through unauthorized entry into Mr. Wrobel's apartment by Defendant and through changing of the locks to his residence. Mr. Wrobel comes through his attorney, Kelli Dudley of the Law Office of Kelli Dudley, and, based on personal knowledge, including his affidavit (**EXHIBIT A - AFFIDAVIT**), moves this Honorable Court to Federal Rule of Civil Procedure 65 for a Temporary Restraining Order and Preliminary Injunction (TRO). Mr. Wrobel requests this Honorable Court enjoin the Defendant, its officials, agents, and employees, and all other persons in active concert or participation with it from continuing to discriminate on the basis of disability in violation of 42 U.S.C. §3601 *et seq.* (Fair Housing Amendments Act of

1

1988 [(Fair Housing Act)], and from further interfering with Mr. Wrobel's enjoyment of his home.

1. A Temporary Restraining Order and Injunctive Relief are necessary to preserve the *status quo* between the parties and irreparable harm will be done to Mr. Wrobel before notice can be given to Defendants and their attorneys and before a hearing in opposition can be held.

2. As set forth in the affidavit of Mr. Wrobel (**EXHIBIT A**), irreparable harm will be done because the Defendant seeks to dispossess Mr. Wrobel from his home or otherwise interfere with his enjoyment of the home and to, thereby, actually or constructively evict him.

3. As set forth in the affidavits Mr. Wrobel (**Exhibit A**), irreparable harm will be done because the Defendant has, non-exhaustively, entered Mr. Wrobel's apartment, taken his belongings, changed his locks, interfered with utilities, and refused to provide maintenance.

4. Mr. Wrobel seeks an Order granting a TRO and requiring Defendant to show cause why this Honorable Court should not issue a preliminary injunciton pending adjudication on the merits.

5. This court has full authority to grant the relief requested. A district court may issue injunctions to enjoin violations of the Fair Housing Act. To obtain a temporary restraining order, Plaintiff must merely demonstrate: (1) a likelihood of success on the merits; and (2) that the balance of the equities tips in its favor.

2

6. The injunctive relief requested by Mr. Wrobel is warranted in this case. Defendant is engaging in discriminatory practices in violation of the Fair Housing Act in connection with depriving Mr. Wrobel of his tenacny and interfering with his enjoyment of his home.

7. Mr. Wrobel has a likelihood of success on the merits because Defendant has made statements indicating a racial preference by referring to Mr. Wrobel's race, white; Defendant has stated it will not rent to Mr. Wrobel or allow him to live in his unit; Defendant has referred to Mr. Wrobel as "nuts" and banned him from requesting maintenance in the on-site office provided for that purpose; Defendant has refused Mr. Wrobel's rent; Defendant has refused to allow a person with a disability who uses an assistance dog to come into the building where Mr. Wrotel lives; Defendant has returned Mr. Wrobel's rent check; and for other reasons.

8. The equities are in favor of Mr. Wrobel who will permanently lose his home if the Defendant is allowed to continue to interfere with his tenancy, deny him a lease, change his locks, take his possessions from his home, attempt to harass and intimidate him into leaving his home, evict him, and refuse access to the building to people with disabilities who use assistance dogs.

9. Defendant will suffer no harm if a TRO and injunction are granted because there is no legitimate interest in violating the Fair Housing Act. Mr. Wrobel is willing to pay, and has tendered, rent.

3

WHERFORE, Plaintiff Theodore Wrobel respectfully requests that the Court grant Plaintiff's Motion and enter the proposed Temporary Restraining Order and Preliminary Injunction:

        A.      Temporarily restraining Defendant from further violations of 42 U.S.C. §3601 *et seq.* (Fair Housing Act), as alleged in the Complaint;

        B.      Temporarily restraining and enjoining Defendant, its officials, agents, and employees, and all other persons in active concert or participation with it, from continuing to discriminate on the basis of disability or race in violation of 42 U.S.C. §3601 *et seq.* (Fair Housing Act);

        C.      Temporarily restraining and enjoining Defendants from further interfering with Mr. Wrobel's tenancy, including, but not limited to, restraining and enjoining them from entering Mr. Wrobel's home without his authorization, removing his possessions, changing his locks, or otherwise evicting him with or without resort to the Illinois Forcible Entry and Detainer Act;

        D.      Requiring Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits;

        E.      Granting all other relief just and proper in the premises.

                Respectfully Submitted,

                THEODORE WROBEL

                /s/Kelli Dudley

                Kelli Dudley, Attorney for Plaintiff Theodore Wrobel

                May 25, 2015

4

Kelli Dudley, The Law Office of Kelli Dudley
2938 East 91ˢᵗ Street
Chicago, IL 60617
Ph: 312-771-9770 Email: attorneykelli@sbcglobal.net
ID #6279068

5