IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Theodore Wrobel
   Plaintiff
V.

No.: 15CV4827

JURY TRIAL DEMAND

The Habitat Company LLC,
   d/b/a Elm Street Plaza,

Defendants

## COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff, Theodore Wrobel, is a man with multiple disabilities currently living in a building managed by the Defendant, The Habitat Company LLC, conducting business as Elm Street Plaza (Habitat). Mr. Wrobel is being represented PRO SE.

**INTRODUCTION**

1. Defendant and their agents seek to force me from my home by refusing to offer my a lease despite the fact I currently live in my unit (2103), upkeep my unit, pay and have paid rent to a third party through a sub-lease agreement, and have paid or attempted to pay rent directly to the Defendant. I have personally inquired about leasing my apartment directly from Habitat and have been told Defendant will not rent to me,.

2. Michael Grogan (Mr. Grogan), is a friend of mine. Mr. Grogan has a disability that requires use of a service dog, Ringo. On multiple instances, Mr. Grogan has been continuously denied access to the building in which I reside. Defendant has stated the reason for denial is the presence of Mr. Grogan's assistance dog. I have been unable to visit me. Mr. Grogan is a sub-lease along with myself, from a third party. The intention in gaining

tenancy was for Mr. Grogan to share the apartment and amenities (Common elements) to access disability – related rehabilitation services at a nearby provider and to access a nearby dog park for Ringo.

3. For the reasons set forth above, non exhaustively, I began exercising my rights as guaranteed under federal, state, and local fair housing laws. Among other actions I contacted or filed complaints with the city of Chicago and the Illinois Department of Human Rights alleging violations of fair housing ordinances. Once I took action to Exercise my rights as listed under 42 U.S.C. § 3604 et seq. in combination with other fair housing laws, the Defendant responded with an ongoing harassment tactic. Non exhaustively, the harassment includes the following: changing of locks, disruption of water pressure or water, disruption of utilities, failure to repair and maintain my unit, and continuing to refuse rental to both Mr. Grogan and myself, even though both are qualified and have been previously approved. Agents of the Defendant have stated they will not rent to Mr. Grogan if I am going to be the Co-Tennant. I believe The conduct described above directly violates 42 U.S.C. §36172

4. Defendant is a management company that operates housing, including the building in which the plaintiff lives. Defendant operates much multi-family housing in several states, including units that are subsidized by the United States Department of Housing and Urban Development. On

information and belief, Housing and Urban Development subsidizes the subject property.

**PARTIES, JURISDICTION, AND VENUE**

5. The injunctive relief requested by myself is warranted in this case Defendant is engaging in discriminatory practices in violation of the Fair Housing Act in correlation with depriving me of my tenancy and disrupting the peacefulness of my home.

6. I have a likelihood of success on the merits because Defendant has made multiple statements indicating a racial preference by referring to Plaintiff race, white; Defendant has stated it will not allow Mr Wroel to rent or allow me to live in my unit; Defendant has referred to me as "nuts" and banned me from requesting maintenance from the on location office, intended for that purpose; Defendant has refused my rent; Defendant has refused to allow a person with a disability who uses an assistance dog to come into the building where I live; Defendant has returned my rent check; and for other reasons

7. The equities are in favor of myself and will permanently lose my home if the Defendant is allowed to continue to interfere with my tenancy, deny me a lease, change my locks, take my possessions; from my home, attempt to harass and intimidate me into leaving my home, evict me, and refuse access to the building to people with disabilities who use assistance dogs.

8. Defendant will suffer no harm if a TRO and injunction are granted because there is no legitimate interest in violating the Fair Housing Act. I am willing to pay and have tendered, rent

9. At Various times, an African American employee of Defendant, Nicole, stated to me that my requests for repairs reflect "White Entitlement" a reference to my race, white. Nicole and other agents of Defendant have repeatedly referred to me as "as nuts". For example when I requested maintenance I was forced to leave the on-site office, being told I was "Nuts". "Nuts" is understood by myself and on information and belief, others as referring to a psychological disability (mental illness).

10. On or around March 6,2015, I found out Mr. Kroger had not tendered all or some of the rent to Defendant. Defendant refused the tender of rent by placing the envelope I gave to them under my door.

11. On or around April 15, 2015, I found out Mr. Kroger's lease would expire and attempted to give notice of my desire to continue renting as provided by the lease. On or around Mat 7, 2015, Mr. Pinto stated, "We will never rent directly to you". Also, Defendant would not approve a lease involving Mr. Grogan and myself and would not let me reside in the unit.

12. On or around May 20,2015, I filed a complaint concerning my fair housing rights with Chicago Commission on Human Relations (City). I faxed the completed form to the city on May 21,2015. This was the culmination of approximately six months of verbal complaints to the city.

13. Beginning in approximately November 2014, I made verbal and written complaints to the Illinois Department of Human Rights (IDHR).

14. By filing the above listed complaints and by residing in my apartment, I was exercising rights as outlined in 42 U.S.C § 3604 and other provisions of the Fair Housing Act

15. Since exercising my rights here under the Fair Housing Act I have been subject to constant harassment by Defendant's agents, including but not limited to:
    a. Apartment locks changed (lock-out)
    b. Interference with utilities
    c. No water or no pressure
    d. Failure to repair or maintain premises
    e. Comments that defendant will not rent to me or allow me to continue to live in my unit.
    f. Unlawful entry into the unit by the landlord in violation of applicable law and by others due to lack of security.
    g. Attempts to evict me through means such as lock – pits rather than filing a forcible entry and detainer action in Illinois

16. The reasons for the above actions were impermissible, including that I am a person with a disability, that I have complained about Mr. Keitel being unable to visit because of Mr. Keitel and assistance dog, and that I have filed complaints concerning fair housing rights.

I.   **CAUSE OF ACTION: VIOLATION OF THE FAIR HOUSING ACT**

17. Defendant's actions and statement as described above has made and will make housing unavailable because of disability and also constitutes discrimination in terms, conditions, or privileges of sale or rental of dwellings or in provision of services because of disability in violation of section 804(a) and section 804(b) of Fair Housing Act, as in 42 U. S.C. § 3604(a) and as in 42 U.S.C. § 3604 (a) and (b)

21. Defendants refusal to rent directly to me makes housing unavailable on the basis of disability in violation of Section 804(a) and Section 804(b) of the Fair Housing Act, as in 42 U.S.C § 3604 (a) and 42 U.S.C. § 3604 (a) and (b)

18. As set forth above, since the time when I filed complaints for violation of my fair housing rights, I have been subject to retaliation on account of having complaints or having otherwise exercised my fair housing rights.

19. As set forth above, Defendant has taken actions after I filed fair housing complaints that constitute coercing, intimidating, threatening or interfering, with my ability to exercise my rights protected under as in 42 U. S.C. § 3604 and other sections of the Fair Housing Act in violation as of 42 U.S.C. § 3617.

20. The Conduct of Defendant, through its agents, described above, constitutes a violation of the 42 U.S.C. § 3601 et seq. particularly U.S.C. § 3617

20. I believe the conduct of Defendant, through its agents, described above, I believe constitutes a violation of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., specifically 32 U.S.C. § 3617

21. I am a person who has been injured by Defendants discretionary actions as described above and is an aggrieved person as described in 42 U.S.C. § 3602 (i). I have suffered damages as a result of Defendant's discriminatory action.

22. Defendant's conduct has been intentional, willful, and taken in disregard of the rights of people with disability, including myself, who are their tenants. In addition, those wishing to live in the building or visit tenants have been denied access as well as those who were denied their right to associate with those denied access.

23. I, on the one hand, and Defendant, on the other hand, have adverse legal interests, and there is a substantial controversy between the parties that the Court can resolve by declaring the parties' respective rights.

24. I have an interest and right or remain a tenant in my home, including the right to be afforded a fair opportunity to renew or enter into a lease and the right to receive visits from people with disabilities, including those who use assistance dogs.

25. I am entitled to a declaration, iner alia, that the Defendant cannot apply discriminatory criteria to tenant selection and to access afforded to visitors.

26. I seek corresponding injunctive relief, including a Court order that Defendant is restrained from bringing any forcible entry and detainer, conducting a lock-out, interfering with utilities, or taking other action dispossess myself from my home.

27. I face immediate deprivation because the threat of eviction and the necessity of participating in this legal proceeding impede my ability to access needed medical treatment,

**JURY DEMAND**

I, hereby demands a trial by jury on all claims and issues, which have a right for a jury to render judgment.

WHEREFORE, I pray that the Court enter an ORDER that

1. Declares the actions of the Defendant described herein constitute violations of the Fair Housing Act.
2. Enjoins the defendant, its officials, agents, and employees, and all other persons in active concert or participation with it, from continuing to discriminate on the basis of disability in violation of U.S.C. § § 3601 et seq.;
3. Requires such action by the Defendant as may be necessary to restore all persons aggrieved by Defendants discriminatory housing practices to the position they would have occupied but for Defendant's discriminatory conduct.
4. Monetary payment to myself for actual, compensatory, pain and suffering and punitive damages and attorneys fees and costs of bringing this action.
5. For such other relief as justice may require. A petition for a temporary restraining order will be filed in this matter,
6. Additional complaints; retaliation. I demand cease and assist order on Habitat Management Company to stop restricting, obstructing, the entry

of guest, family, medical providers, and to stop telling them I do not live here. In addition, they have obstructed and stopped all my mail service from being delivered into my mailbox. Habitat claims they have no right to provide me a mailbox and I demand to know where my mail is going or otherwise being held. It is not with the United States Postal Service. They however, do have access to my mailbox with keys.

7. Sense occupying my apartment at 1130 North Dearborn there has been 6 occasions where Mr. has notified management to inform when there is a on one occasion we were forced to use the stairs due to the elevators. I demanded they note due to my medical condition I cannot walk down 23 flights of stairs. I received no cooperation during these fires for assistance.

Respectfully submitted,

Theodore Wrobel _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Theodore Wrobel                  No.:
    Plaintiff
V.                                  **JURY TRIAL DEMAND**

The Habitat Company LLC,
    d/b/a Elm Street Plaza,

    Defendants

**PLAINTIFF'S, THEDORE WROBEL'S MOTION FOR A TEMPORARY**

**RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

I am a man with multiple disabilities currently living in a building managed by Defendant, The Habitat Company LLC, doing business as Elm Steet Plaza (Habitat) I am experiencing actions by Defendant to interfere with my exercise of his fair housing rights. Defendant's actions include, but are not limited to, constructive eviction through unauthorized entry into my apartment by Defendant and through changing the locks to my residence. I am represented PEO SE, and based on personal knowledge, including my affidavit **(EXHIBIT A – AFFIDAVIT)**, moves this Honorable Court to Federal Rule of Civil Procedure 65 for Temporary Restraining Order and Preliminary Injunction. (TRO). I request this Honorable Court enjoin the Defendant, its officials agents, and employees, and all other persons in active concert or participation with it from continuing to discriminate on the basis of disability in violation of 42 U.S.C. § 3601 et seq. (Fair Housing Amendments Act of 1988 [(Fair Housing Act)], and from further interfering with Mt enjoyment of my home.

1. A Temporary Restraining Order and Injunctive Relief are Necessary to preserve the status quo between the parties and irreparable harm will be done to myself before notice can be given to Defendants and their attorneys and before a hearing in opposition can be held.
2. As set forth in the affidavit (**EXHIBIT A**), irreparable harm will be done because the Defendant seeks to disposes myself from my home or otherwise interfere with my enjoyment of the home and to, thereby, actually or constructively evict me.
3. As set forth in the affidavit of myself (**EXHIBIT A**), irreparable harm will be done because the Defendant has, non-exhaustively, entered my apartment, taken my belongings, changed my locks, interfered with my utilities, and refused to provide maintenance.
4. I seek an order granting a TRO and requiring Defendant to show cause why this Honorable Court should not issue a preliminary injunction pending adjunction on the merits.
5. This court has full authority to grant relief requested. A district court may issue injunctions to enjoin violations of the Fair Housing Act, to obtain a temporary restraining order, Plaintiff must merely demonstrate: (1) a likelihood of success on the merits; (2) the balance of equities tips un its favor.